UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80088-CR-CANNON

**UNITED STATES OF AMERICA**

vs.

**JOSEPH JOHN PYRZYK,**

              **Defendant.**

_____/

## ACKNOWLEDGEMENT OF OFFENSE ELEMENTS AND STIPULATION AS TO FACTUAL BASIS FOR GUILTY PLEA

I, JOSEPH JOHN PYRZYK (PYRZYK), agree that the facts set forth below are true and accurate and that the United States could prove these facts against me at trial. I am pleading guilty to two counts of the four-count indictment: Count 1, which charges me with possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), and Count 3, which charges me with failing to appear for service of my sentence in the case of *United States v. Joseph Pyrzyk*, Case No. 21-CR-80180-MIDDLEBROOKS, in violation of Title 18, United States Code, Section 3146(a)(2).

### NATURE OF THE CHARGE

I am aware of and understand the nature of the charges to which I am pleading guilty. I have discussed with my attorney the charges and what the prosecutor must prove to convict me.

I understand that the United States must prove the following elements of the offense of possession of a firearm and ammunition by a convicted felon beyond a reasonable doubt:

    First:        The Defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce;

1

| | |
|---|---|
| Second: | Before possessing the firearm or ammunition, the Defendant had been convicted of a felony – a crime punishable by imprisonment for more than one year; and |
| Third: | At the time the Defendant possessed the firearm or ammunition, he knew he had previously been convicted of a felony offense. |

I understand that the United States must prove the following elements of the offense of failure to appear for service of a sentence beyond a reasonable doubt:

| | |
|---|---|
| First: | The Defendant was released on bail by order of a judge or magistrate of this court; |
| Second: | After being released, the Defendant knowingly failed to surrender to serve a sentence under a court order; and |
| Third: | The Defendant was charged with a crime punishable by a term of ten years imprisonment when released on bail. |

## STIPULATED FACTS

On November 17, 2021, PYRZYK was charged in a one count indictment in Southern District of Florida case number 21-CR-80180-MIDDLEBROOKS for possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). PYRZYK was initially arrested in the Central District of California, released on bond, and ordered to appear in the Southern District of Florida. At his initial appearance in the Southern District of Florida, on or about January 7, 2022, PYRZYK was released on bond by United States Magistrate Judge William Matthewman. At the time PYRZYK was released on bond, the maximum term of imprisonment for the sole count of the indictment was ten years.

On or about April 4, 2022, PYRZYK admitted that he knew he was a convicted felon and pled guilty to the sole count of the indictment. The Honorable Donald M. Middlebrooks

2

adjudicated PYRZYK guilty of the felony offense and confirmed that the existing bond conditions remained in effect.

On June 30, 2022, Judge Middlebrooks sentenced PYRZYK to twenty-four months imprisonment and ordered PYRZYK to surrender for service of his sentence on August 29, 2022, at the institution designated by the Bureau of Prisons or to the United States Marshal in Los Angeles, California if an institution was not designated. Judge Middlebrooks issued a written judgment after the sentencing hearing that included the same surrender requirements. PYRZYK knew he was required to surrender for service of his sentence on August 29, 2022. PYRZYK did not surrender for service of his sentence on August 29, 2022.

After PYRZYK did not surrender for service of his sentence, he was contacted by a United States Probation Officer from the Central District of California who reminded him that he was required to surrender for service of his sentence and instructed him to surrender. PYRZYK did not surrender when instructed to do so by the U.S. Probation Officer, or any date thereafter.

In November 2022, ATF in conjunction with the United States Marshals Service (USMS) received a tip from the Palm Beach County Sheriff's Office (PBSO) that an individual consistent with PYRZYK's description was in the Palm Beach County area. On or about November 19, 2022, law enforcement agents successfully located PYRZYK at a gas station in Riviera Beach, Florida driving a vehicle registered to PYRZYK. Law enforcement commanded PYRZYK to stop his vehicle, roll the windows down, throw the keys out of the window, and turn off the vehicle. After initially complying with law enforcement commands to stop his vehicle and roll the windows down, PYRZYK fled from the gas station in his vehicle at a high rate of speed.

During the last week of November, agents were again notified by PBSO that an individual consistent with PYRZYK's description was in the area of Riviera Beach, Florida. PYRZYK was now driving a Blue Chevy Malibu rental vehicle bearing Florida Tag # EWAT29. This vehicle was rented at the time from Enterprise rental vehicles by PYRZYK's wife. Agents subsequently conducted surveillance of PYRZYK and observed him driving the Blue Chevy Malibu for approximately four hours.

On January 9, 2023, law enforcement located PYRZYK at 13573 59th Court North, West Palm Beach, Florida 33411. Upon approaching the residence, ATF Special Agent (SA) Mark Finnamore identified PYRZYK as the individual standing in the driveway of the residence leaning against the garage door of the structure. While law enforcement moved in to apprehend PYRZYK pursuant to the arrest warrant, SA Finnamore tactically cleared the vehicles in the driveway of the residence, including the Blue Chevy Malibu mentioned above. As he cleared the Blue Chevy Malibu, he saw marijuana on the center console of the vehicle. Upon opening the drivers' door of the vehicle to retrieve the marijuana, SA Finnamore recognized a Tan Glock semi-automatic pistol concealed beneath the drivers' seat of the vehicle. All evidence was left in place. The vehicle was sealed with evidence tape and towed to the PBSO impound lot.

After PYRZYK's arrest, agents obtained a search warrant and searched PYRZYK's Blue Chevy Malibu. Among other items, agents discovered one Tan/Black Glock Model 17 9mm pistol bearing serial number UVL321 ("Glock") which contained a loaded magazine containing nine (9) Federal 9mm luger rounds and three (3) Winchester 9mm luger rounds and a round of Winchester 9mm luger ammunition in the chamber and a partially burnt "joint" of marijuana found

on the center console of the vehicle which field tested positive for the presence of marijuana.

Agents obtained a federal search warrant for DNA and a standard was taken from PYRZYK on January 20, 2023. DNA Labs International completed a report on March 30, 2023. DNA Labs International determined that the DNA profile obtained from the swabs from the magazine of the Glock "is approximately 200 quadrillion times more probable if the sample originated from Joseph Pyrzyk and one unknown person than if it originated from two unknown persons." This analysis provides very strong support for the proposition that PYRZYK is a contributor to the DNA profile obtained from the sample. Swabs from the trigger/trigger guard and grips and body/frame of the Glock also provided very strong support that PYRZYK is a contributor.

Prior to January 9, 2023, PYRZYK knew that he had been convicted of a felony.

[INTENTIONALLY LEFT BLANK]

Firearms nexus expert SA Finnamore examined the Glock and has thus concluded that the Glock was manufactured in Austria and therefore traveled in interstate and/or foreign commerce. SA Finnamore also examined the nine (9) rounds of 9mm ammunition with head-stamp markings "FC" and "9mm LUGER" and the four (4) rounds of 9mm ammunition with the head-stamp markings "WIN" and "9mm LUGER" and has thus concluded that the ammunition was not manufactured in Florida and therefore traveled in interstate and/or foreign commerce.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 11/21/24        By: _____
                           KATIE SADLO
                           ASSISTANT UNITED STATES ATTORNEY

Date: 11/21/2024      By: _____
                           KRISTY MILITELLO
                           ATTORNEY FOR DEFENDANT

Date: 11/21/2024      By: _____
                           JOSEPH JOHN PYRZYK
                           DEFENDANT

6